NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 13 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AKLILU YOHANNES,

Plaintiff-Appellant,

v.

OLYMPIC COLLECTION INC (OCI); et
al.,

Defendants-Appellees.

No.    22-36059

D.C. No. 2:17-cv-00509-RSL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted January 25, 2024
Pasadena, California

Before:  GOULD and RAWLINSON, Circuit Judges, and ADELMAN,[**] District
Judge.
Partial Concurrence and Partial Dissent by Judge ADELMAN.

    Aklilu Yohannes appeals pro se from the district court's order granting

summary judgment in favor of Olympic Collection Inc., et al. (Olympic

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Lynn S. Adelman, United States District Judge for the
Eastern District of Wisconsin, sitting by designation.

Collection) on his claim brought under 42 U.S.C. § 1983. We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review de novo a district court's decision to grant summary judgment." *Urbina v. Nat'l Bus. Factors Inc.*, 979 F.3d 758, 762 (9th Cir. 2020). "Summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. . . ." *Id.* (citation and internal quotation marks omitted). "[V]iew[ing] the evidence in the light most favorable to" Yohannes, *id.*, we affirm in part, reverse in part, and remand.

In the previous appeal, we vacated the district court's judgment, and remanded for further evaluation of Yohannes's due process claims. *See Yohannes v. Olympic Collection Inc.*, No. 19-35888, 2022 WL 911782, at *2 (9th Cir. Mar. 29, 2022). On remand, the district court again granted summary judgment in favor of Olympic Collection on the basis that Yohannes only alleged "misuse or abuse of the statute."

Olympic Collection initially filed a complaint against Yohannes in Washington state court. Although Yohannes disputes that he was served, default judgment was entered against him. Olympic Collection subsequently served a writ of garnishment on Yohannes's earnings. Olympic Collection alleged that it mailed the writ of garnishment to Yohannes, but the notice was returned as "undeliverable."

2

**1.** Yohannes does not allege only "misuse or abuse of the statute" but a violation of his constitutional rights. *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 932–33 (1982).

Under Washington State law, "[w]rits of garnishment may be issued in district court . . . by the attorney of record for the judgment creditor." Revised Code of Washington § 6.27.020(2). However, Olympic Collection's declaration of service is devoid of a stamp evidencing that the declaration was filed in state court. Neither does the record contain proof that Olympic Collection mailed or served the writ of garnishment on Yohannes, as required by § 6.27.130(1). Olympic Collection did not produce the notice marked "undeliverable," or any other proof of attempted service. Nor has it demonstrated that the requisite affidavit declaring that service was attempted was filed with the state court. *See* § 6.27.130(3). The parties represented that the case files have been destroyed by the state court, apparently in violation of Washington's retention schedule. [1]

Yohannes has raised a genuine dispute of fact regarding whether these events go beyond mere "misuse or abuse of the statute," and are attributable to the

---

[1] In civil cases in which the judgment has not been paid or performed, Washington State district courts are required to retain records for 10 years after the date of judgment. *See* WASHINGTON SECRETARY OF STATE, District and Municipal Courts Records Retention Schedule at *5–6 (Oct. 2023), https://www2.sos.wa.gov/archives/recordsmanagement/managing-county-records.aspx.

unconstitutional "procedural scheme created by the statute." *Lugar*, 457 U.S. at 941–42. Consequently, the district court erred in granting summary judgment in favor of Olympic Collection. *See Urbina*, 979 F.3d at 765.

**2.** Olympic Collection is appropriately characterized as a state actor because "[t]he nominally private character of [Olympic Collection] is overborne by the pervasive entwinement of [the state court]." *Brentwood Acad. v. Tennessee Secondary Sch. Athletics Ass'n*, 531 U.S. 288, 298 (2001). Under the Washington statute, "[t]he writ [of garnishment] is issuable on the affidavit of the creditor or his attorney . . . without participation by a judge." *North Georgia Finishing, Inc. v. Di-Chem, Inc.*, 419 U.S. 601, 607 (1975). Thus, "the State has created a system whereby state officials will attach property on the *ex parte* application of one party to a private dispute." *Lugar*, 457 U.S. at 942; *see also Brentwood Acad.*, 531 U.S. at 300–02 (observing that the delegation of exclusive public authority may constitute state action). "If the creditor-plaintiff violates the debtor-defendant's due process rights by seizing his property in accordance with statutory procedures, there is little or no reason to deny to the latter a cause of action under the federal statute, § 1983, designed to provide judicial redress for just such constitutional violations." *Lugar*, 457 U.S. at 934.

**3.** We agree with the district court's ruling that Yohannes's facial due process challenge fails under *Mathews v. Eldridge*, 424 U.S. 319 (1976).

**4.** The district court complied with our mandate by limiting its decision to Yohannes's due process claims. *See Yohannes*, 2022 WL 911782 at \*2 ("vacat[ing] and remand[ing] to the district court . . . to evaluate Yohannes's *due process claims*") (emphasis added).

**5.** Finally, assuming *arguendo* that this issue was raised in a timely fashion, the district court acted within its discretion when denying Yohannes's second request to amend his complaint. *See Cafasso U.S. ex rel. v. Gen. Dyn. C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011).

Respectfully, our colleague in partial dissent mischaracterizes the majority's analysis. As explained in the majority disposition, Yohannes raised a claim under § 1983 that Olympic Collection failed to provide the notice required under the Due Process Clause of the United States Constitution. Olympic Collection sought to establish compliance with this constitutional obligation by representing that it had complied with the Washington statute, but it did not comply with the statute, as recognized by the district court. Rather than asserting that Olympic Collection's actions violated state law, Yohannes asserted that its actions violated the Constitution's due process clause by garnishing his wages without providing him the constitutionally required notice.

Our esteemed colleague selectively quotes some language from *Lugar*, but ignores that portion of *Lugar* that recognizes the "applicability of due process

standards to . . . state-created attachment procedures . . . when the state has created a system whereby state officials will attach property on the *ex parte* application of one party to a private dispute." 457 U.S. at 942.

We also reiterate that there was state action in this case. *See North Georgia Finishing*, 419 U.S. at 607–08 (applying due process protections when the state statute permitted issuance of a writ of garnishment at the request of a private party "without participation by a judge"); *see also Brentwood Acad.*, 531 U.S. at 300–02 (observing that the delegation of exclusive public authority may constitute state action).

Because we conclude that the district court erred in granting summary judgment in favor of Olympic Collection on Yohannes's due process claims, we reverse and remand for trial of these claims. We affirm the district court's rulings on all other issues raised by Yohannes.

**AFFIRMED in part, REVERSED in part, and REMANDED. Costs awarded to Plaintiff.**

*Aklilu Yohannes v. Olympic Collection Inc (OCI)*, No. 22-36059

ADELMAN, District Judge, concurring in part and dissenting in part:

I concur in the parts of the memorandum in which the majority concludes that the district court correctly rejected Yohannes's facial due-process claim, correctly limited its decision to the due-process claims, and acted within its discretion when denying Yohannes's second request to amend his complaint. However, I dissent from the majority's conclusion that Yohannes may pursue an as-applied due-process claim against Olympic Collection under 42 U.S.C. § 1983.

Yohannes's as-applied due-process claim alleges that the debt collectors who used the State of Washington's garnishment statute to garnish his earnings violated the procedural requirements of the statute and, for that reason, deprived him of property without due process of law. However, Olympic Collection is a private party and thus is not generally subject to liability under § 1983. To be actionable under § 1983, "the conduct allegedly causing the deprivation of a federal right" must "be fairly attributable to the State." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). The Supreme Court has applied a two-part test to the question of fair attribution. "First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible." *Id.* "Second, the party charged with the deprivation must be a person who may fairly

be said to be a state actor." *Id.* A person may be a state actor if "he is a state official," if "he has acted together with or has obtained significant aid from state officials," or "his conduct is otherwise chargeable to the State." *Id.*

In the present case, the first part of the fair-attribution test is met insofar as Yohannes brings a facial challenge to the garnishment statute. Under *Lugar*, "the procedural scheme created by the statute obviously is the product of state action." *Id.* at 941. However, as the majority correctly concludes, the district court was right to reject Yohannes's facial challenge to the procedural scheme created by the statute on the merits. Thus, even if Olympic Collection were a state actor for purposes of this facial challenge, Yohannes would be entitled to no relief under § 1983.

The claim that the majority sends back to the district court is Yohannes's claim that Olympic Collection *violated* the garnishment statute by failing to properly serve him with notice of the garnishment and file proof of service with the court, as the statute requires. *See* Revised Code of Washington § 6.27.130(1) & (3). But under *Lugar*, this claim is not actionable under § 1983 because it challenges only private action.

In *Lugar*, the Supreme Court addressed a due-process challenge to a Virginia statute creating an *ex parte* pre-judgment attachment procedure. 457 U.S.

at 924. The Court construed the complaint as alleging two due-process claims: one challenging the statute itself, and one alleging that the private actors "invoked the statute without the grounds to do so." *Id.* at 940–41. This second claim alleged that the private actors engaged in acts that were "unlawful under state law." *Id.* at 940. The Court held that the second claim did not state a cause of action under § 1983 because it challenged only private action. *Id.* The Court reasoned that if the private conduct "could not be ascribed to any governmental decision" and if the defendants "were acting contrary to the relevant policy articulated by the State," then the defendants' conduct "could in no way be attributed to a state rule or a state decision." *Id.*

In the present case, Yohannes's as-applied challenge alleges that Olympic Collection violated the Washington garnishment statute by failing to serve him with notice and file proof of service of such notice with the court, as the statute requires. In other words, he alleges that Olympic Collection's actions were "unlawful under state law." *Lugar*, 457 U.S. at 940. This claim does not challenge the adequacy of the procedures created by the garnishment statute for giving notice. Indeed, the majority has concluded that the district court correctly granted summary judgment on Yohannes's separate facial due-process claim alleging that the notice provisions in the statute are constitutionally defective. If, as Yohannes alleges in the as-applied claim, Olympic Collection failed to comply with the state-

3

mandated procedures for garnishing his wages, then its conduct "could in no way be attributed to a state rule or a state decision." *Id.* at 940. Instead, Olympic Collection would have "act[ed] contrary to the relevant policy articulated by the State." *Id.* Thus, under *Lugar*, Yohannes's as-applied due-process claim does not present a cause of action that is actionable under § 1983, and the district court correctly granted summary judgment to Olympic Collection on that claim.

Because, in my view, Olympic Collection's alleged failure to properly serve Yohannes with notice of the garnishment and file proof of service with the court were not acts that could be "ascribed to any governmental decision," *Lugar*, 457 U.S. at 940, I need not address the second part of the fair-attribution test, *i.e.*, whether Olympic Collection is appropriately characterized as a state actor.

In sum, because I conclude that Yohannes's as-applied due-process claim challenges only private action, I respectfully dissent from the majority's partial reversal of the district court. The district court should not be required to have a trial over whether Olympic Collection failed to properly serve notice of the garnishment as required by state law, because even if it did, Yohannes would not be entitled to damages under § 1983. Accordingly, I would affirm the judgment of the district court in full.